MISSOURI, K. & T. RY. CO. OF TEXAS v. HEDRIC.

(Court of Civil Appeals of Texas. Dallas. Feb. 15, 1913. Rehearing Denied March 15, 1913.)

1. WITNESSES (§ 240*)—EXAMINATION—LEADING QUESTIONS.

The question, "Was it or not necessary for the safety of car repairers to have a ladder with spikes in the bottom of it?" was not leading.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 795, 837–839, 841–845; Dec. Dig. § 240.*]

2. EVIDENCE (§ 546*)—APPEAL AND ERROR (§ 971*)—COMPETENCY OF EXPERTS—DETERMINATION—REVIEW.

Whether a witness is qualified to testify as an expert is a question for the determination of the trial court, and its action will not be reviewed, unless gross abuse of discretion appears.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2346; Dec. Dig. § 546;* Appeal and Error, Cent. Dig. §§ 3852–3857; Dec. Dig. § 971.*]

3. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF TESTIMONY.

Admission of testimony is harmless where other testimony of the same facts is admitted without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

4. EVIDENCE (§ 539*)—EXPERTS—COMPETENCY.

Where a witness had been a car repairer for nine successive years, and for four or five years had used the ladder plaintiff was using when injured, he was qualified as an expert to testify whether spikes at the bottom of the ladder were necessary.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2349–2352; Dec. Dig. § 539.*]

5. EVIDENCE (§ 474*)—OPINIONS—KNOWLEDGE OF WITNESS.

Where a witness was a car repairer for nine years, and for four or five years had used the ladder plaintiff was using when injured, he had knowledge of facts sufficient to render admissible his testimony as to whether spikes at the bottom of the ladder were necessary.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

6. EVIDENCE (§ 498½*)—OPINIONS—KNOWLEDGE OF WITNESS—DETERMINATION.

Whether a witness has such knowledge of the facts as to make his opinion of value is in a great measure at the discretion of the trial court.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2290, 2291; Dec. Dig. § 498½.*]

7. APPEAL AND ERROR (§ 1058*)—REVIEW—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

The exclusion of the opinion of a witness was harmless where substantially the same testimony was given at another time by the same and other witnesses.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. § 1058.*]

8. MASTER AND SERVANT (§ 288*)—INJURIES TO SERVANT—QUESTION FOR JURY—ASSUMPTION OF RISK.

In an action for injuries to a servant alleged to have been caused by the absence of spikes from the bottom of the ladder, the question of plaintiff's knowledge of the condition of the ladder was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*]

9. TRIAL (§ 295*)—INSTRUCTIONS AS A WHOLE.—ASSUMPTION OF RISK.

In an action for injuries to a servant, instructions on assumption of risk, when considered as a whole, held not misleading.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

10. MASTER AND SERVANT (§ 295*)—INJURIES TO SERVANT—INSTRUCTIONS—ASSUMPTION OF RISK.

In an action for injuries to a servant from the falling of a ladder, an instruction as to plaintiff's notice of the condition of the ladder, and his assumption of the risk, held substantially correct.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1168–1179; Dec. Dig. § 295.*]

11. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—QUESTION FOR JURY—CONTRIBUTORY NEGLIGENCE.

In an action for injuries to a servant caused by the falling of a ladder on which he was working, evidence held to make plaintiff's care a question for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092, 1132; Dec. Dig. § 289.*]

12. DAMAGES (§ 216*)—INSTRUCTIONS—DOUBLE DAMAGES.

In an action for personal injuries, an instruction that, if plaintiff's ability to labor had been impaired by his injuries, the jury could consider the time lost and his impaired ability to work, proximately resulting from his injury to the time of trial, is not objectionable as authorizing double damages for loss of labor from the time of the injury to the time of trial.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

13. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS—MATTERS IN GENERAL CHARGE.

Where a charge on assumed risk was sufficient, a refusal of the special charge was not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

---

**14. APPEAL AND ERROR (§ 1066*)—HARMLESS ERROR—REFUSAL OF INSTRUCTION.**

In an action for injuries to a servant from an alleged defect in a ladder having no spikes to keep it from slipping, where defects other than that of the absence of spikes, as disclosed by the evidence, were insignificant and probably not considered by the jury, the refusal of defendant's special charge that the jury should not consider such minor defects was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

Appeal from District Court, Hunt County; R. L. Porter, Judge.

Action by John Hedric against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Alex. S. Coke, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellant. Evans & Carpenter, of Greenville, for appellee.

TALBOT, J. Appellee brought this suit against the appellant in the district court of Hunt county, Tex., on the 24th day of August, 1911, alleging, in substance, that on July 19, 1911, appellee was employed by appellant as car repairer; that, in the performance of his duties, it was necessary for him to use a ladder which was furnished him by appellant in mounting to the sides of cars to repair them; that the only appliance used to prevent the ladder so furnished from slipping and falling while being used was spikes about one or one and a half inches long fastened to the bottom of each of the side pieces of the ladder, which would stick in the ground and hold the ladder securely in place while being used for the purpose intended; that on the date above mentioned appellee was standing on a ladder furnished him by appellant, which was leaning against a coal car, with its bottom resting on the ground, engaged in the work of repairing said car in the usual and customary way; that while so engaged, and while acting in a careful manner, the bottom of said ladder slipped from under appellee, causing him to fall with great force and violence to the ground, inflicting upon him serious and permanent injuries. It is further alleged that appellee, after being thrown to the ground and injured, made an investigation to find out the cause of the ladder's falling, and found that there were no spikes on the bottom of the same; that appellant had negligently permitted the spikes which had been on said ladder to be taken or worn off, or had negligently failed to furnish appellee a reasonably safe ladder with spikes in the bottom thereof, which defect was known to appellant, or should have been known to it, and which was unknown to appellee; that the use of a ladder, without spikes for the purpose of performing the work required of appellee, rendered the place and character of his work dangerous; that appellant, in furnishing appellee a ladder without spikes, was guilty of negligence in that by so doing it failed to furnish appellee a reasonably safe tool or appliance with which to do his work, and a reasonably safe place in which to perform the duties imposed upon him, which negligence was the proximate cause of his injuries. The defenses were a general denial, contributory negligence, and assumed risk. A jury trial resulted in a verdict and judgment in favor of appellee; and, appellant's motion for a new trial being overruled, it appealed.

[1] The first assignment of error is that "the court erred in permitting plaintiff, over the objection of defendant, to prove by his witness, John Burrell, that it was necessary, in the witness' opinion, for a ladder used by a car repairer in mounting cars to have spikes on the ends of the ladder." The question propounded to the witness is as follows: "Was it or not necessary for the safety of car repairers to have a ladder with spikes in the bottom of it?" To which the witness replied, "Yes, I think so." The objection made to the question and answer was that the question was leading and suggestive of the answer desired, and that the witness was not qualified to testify about the matter under investigation. The question was not, in our opinion, leading, and we are not prepared to say the answer of the witness should have been excluded on the ground that he was not qualified to express his opinion in relation to the matter inquired about.

[2] The court indorsed, on the bill of exception reserved to his ruling, that the "witness had qualified as an expert in use of such ladders," and an examination of the evidence has not convinced us that the court's indorsement is not sustained thereby. Whether the witness has qualified himself to testify as an expert upon the subject of inquiry is a question for the determination of the trial court, and its action will not be reviewed by an appellate court, unless a gross abuse of its discretion is made to appear.

[3] Such an abuse of the court's discretion does not appear in this case. Besides, we think the record discloses that evidence of the same practical effect was admitted without objection, and therefore the statement of the witness here objected to was harmless.

[4] Appellant's second, third, fourth, fifth, sixth, and seventh assignments present practically the same question and are grouped. They complain of the court's action in refusing to permit appellant's witness to testify, in effect, that, considering the position of the car, the situation of the ground, and the character of work appellee was doing when injured, it was not necessary to have spikes at the bottom of the ladder. The only proposition advanced under these assignments is as follows: "The witness Freeman had been performing the duties of car repairer for the

defendant, at the same place where appellee had been working, for nine successive years, and had used the ladder plaintiff was using, in like work, for four or five years, and, if opinion evidence was admissible upon the question of safety in using the ladder without spikes in the bottom, it was error to exclude this witness' testimony." We think this testimony should have been admitted.

[5] The witness Freeman had, in our opinion, shown himself qualified to testify as an expert, or had, with knowledge of the facts, sufficiently observed and considered the particular matter under consideration to qualify him to form and express an opinion thereon as a nonexpert witness.

[6] But, in either case, whether he had such knowledge of the facts as to make his opinion of value is in a great measure at the discretion of the trial court.

[7] Treating, however, the court's action in excluding the opinion of the witness Freeman as error, was the error of such character as to require a reversal of the case? We think this question should be answered in the negative, for the reason that substantially the same testimony as that excluded on the occasion in question was given by the witness Freeman and other witnesses of the appellant. The witness Freeman, as shown by the record, testified: "I don't think a ladder without the spikes on it would have been more liable to slip at that place than a ladder with spikes. I don't think spikes in the bottom of a ladder at that place would prevent the ladder from slipping and hold the bottom steady, because the bottom was slanting and the top padded. It was made to clear coaches." And again: "Q. You think that with that end [of the ladder] setting flat on the ground like this—cutting out the cushions—that it would not have been more apt to have slipped without spikes attached to it and sticking down in the ground than it would if it didn't have spikes? A. Well, from the condition of that ground and my view of it, I would not think so." Shipley said: "I never considered it necessary to have spikes on the foot of the ladders down at that place where we were working." E. W. Whittaker said: "When that ladder was taken to the rip track, I don't know whether or not it had any spikes on it then, or how long they remained. It is not necessary to have spikes on the ladders that are used on the rip tracks." C. R. Smith testified: "I would not believe it was necessary to have spikes on the foot of that ladder." O. W. Long said: "I don't think it was necessary to have spikes on the bottom of the ladders of that length used on the rip track. I inspected the ladder, and it was safe to use. I don't think a ladder setting on that ground was liable to give much. It has always been safe with me." In view of this testimony, it is not at all likely that appellant suffered any substantial injury by the court's refusal to allow the witness Freeman to say that in his judgment it was not necessary, under the circumstances surrounding the appellee at the time he was hurt, to have spikes at the bottom of the ladder he was using. The assignments under consideration will therefore be overruled.

The eighth and ninth assignments disclose no reversible error, and will also be overruled.

In the second paragraph of the main charge, the court told the jury that it was the duty of the master to exercise ordinary care to furnish his servants with reasonably safe tools for the discharge of the duties required of them; and in the third paragraph they were instructed as follows: "The defendant's servants had the right to assume that it had performed the aforesaid duty, and that the tools and appliances furnished them by it with which to work were in reasonably safe condition for their use; and the employés were not required to inspect such tools and appliances before using them to ascertain that they were safe." The third paragraph quoted is complained of and made the basis of the tenth assignment. It is admitted that the charge is abstractly correct, but not applicable to the facts, and probably misled the jury. The contention is that the appellee, by the use of his senses, knew, or would have known of the absence of the spikes from the bottom of the ladder, and it was his duty to inspect the ladder sufficiently to have observed said fact; "that a servant, while working for a master, must use his senses, and cannot shut his eyes to an open and obvious condition of the tool with which he works."

[8] It may be conceded that these propositions embody correct principles of law; yet we think the question as to whether or not the appellee knew, or must necessarily have known, in the discharge of his duties, of the absence of the spikes from the ladder and of the danger incident to the use of it in that condition was, under the evidence adduced, a question of fact for the determination of the jury, and that the charge complained of, when taken and considered with other paragraphs of the court's charge, was not calculated to mislead the jury to the prejudice of appellant. It cannot be said, we think, as a matter of law, that the ladder in question was a simple tool or device, or that the absence of the spikes was so open and obvious that appellee should be held to have had knowledge of that fact. He was not required to inspect the ladder with a view of detecting defects in it; and while in handling the ladder it was necessarily before him, still it does not follow from that fact that the bottom part of the ladder, where the spikes should have been fastened, necessarily came within the range of his vision. So, as said, whether he actually knew of the absence of the spikes, or, in the exercise of

that degree of care required of him by law for his own protection, he must necessarily have known the fact, was an issue of fact and not of law.

[9] The jury, following the charge under consideration, were instructed, in effect, that it was appellee's duty to use ordinary care for his own safety, and that if they should find that the ladder was defective and unsafe by reason of the absence of spikes, and that the appellee knew, or in the ordinarily careful discharge of his duties must have known, of such defective and unsafe condition, etc., to find for appellant. The jury were further, in substance, instructed that appellee assumed the risk of all dangers ordinarily incident to the work in which he was engaged, but did not assume the risk of injury from defects in tools and appliances furnished by appellant arising from its negligence, unless appellee knew of the defects and of the dangers incident thereto, or must necessarily have learned of such defects and dangers, if any, in the ordinarily careful discharge of his duties, and in the exercise of ordinary care for his own safety would not have continued in the service of appellant and used the tools with such knowledge. In addition, at the request of the appellant, the jury were charged: "Ordinary care is that degree of care which persons of ordinary caution and prudence would exercise under the same or similar circumstances. If you believe from the evidence that plaintiff was injured in any manner, as alleged in the petition, and if you further believe that plaintiff was injured by reason of the fact that there were no iron spikes on the bottom ends of the risings or side pieces of the ladder on which he was standing to remove the taps or nuts from the side board of the car on which he was working, and if you further believe that the defendant, prior to the time of plaintiff's injury, if any, had exercised ordinary care, as that term is above defined, to inspect and keep in a safe state of repair the ladder which plaintiff was using at the time, then and in that event the defendant was not guilty of negligence, and the plaintiff is not entitled to recover in this suit, and you will return a verdict for the defendant." The paragraph of the charge complained of, as is admitted by appellant, embodies a correct abstract proposition of law; and in view of the court's instructions, as a whole, we are unable to see how the jury could have been misled or appellant in any wise injured by it. Nor do we think that either the fifth paragraph of the court's general charge submitting the issue of assumed risk, or the seventh paragraph thereof, wherein certain facts are enumerated and the jury told that if said facts existed to return a verdict in favor of appellee, was erroneous.

[10, 11] Whether appellee, as submitted in the fifth paragraph, was charged with notice that there were no spikes on the end of the

ladder was an issue of fact raised by the evidence; and the instruction to the effect that appellee assumed the risk of danger ordinarily incident to the work in which he was engaged, unless he knew, or must necessarily have known, in the discharge of his duties, of the defect in the ladder furnished for his use, and in the exercise of ordinary care for his own safety would not have continued in the service and used such a tool with such knowledge, was substantially correct, and furnishes no good cause for complaint; and the seventh paragraph does not assume that, if said ladder "did not have spikes in it, it was defective and out of repair"; nor was said paragraph erroneous in that the evidence did not warrant the submission of the issue as to whether or not the appellee was exercising ordinary care for his own safety. Both of these paragraphs of the court's charge were authorized by the evidence and in construction or form subject to no serious criticism.

[12] Under the fourteenth assignment of error, it is contended that the court's charge, upon the measure of damages, authorized double damages for loss of labor from the time of the alleged injury up to the time of the trial. In this view of the charge we do not concur. It instructs the jury, in substance, that, if appellee's ability to labor had been impaired by the injuries sustained by him, then in estimating his damages they might take into consideration the time he had lost and his impaired ability to labor, which proximately resulted from said injuries to the time of the trial, provided that, if they should find that appellee's injuries were contributed to by his own negligence in either or all of the respects submitted to them, then to deduct from the amount of the damages, which they believed he was entitled to recover, such amount as they found to be attributable to his negligence. The charge is substantially in the language of the statute, and very similar to the one approved in the case of Railway Co. v. Turner, 138 S. W. 1126, and in which a writ of error was denied by the Supreme Court. Furthermore, in the ninth paragraph of the charge the court instructed the jury that if the appellee was guilty of negligence in the manner in which he was using the ladder, or doing his work, etc., and they should find for him under the seventh paragraph of the charge, then they should "diminish the amount of his damages in proportion to the amount of his negligence in respect either to the use of the ladder or the doing of his work, which they believed from the evidence was attributable to plaintiff."

[13, 14] The court's charge on the question of assumed risk was sufficient to guard appellant's right in respect to that defense, and it suffered no injury by the refusal of the special charge requested in relation thereto; and the defects in the ladder, other than that

of the absence of the spikes, as is closed by the evidence, were of such a minor or insignificant character that it is not at all likely that the jury considered such defects in determining whether or not the appellant was guilty of negligence which resulted in appellee's injuries. Therefore, the refusal of appellant's special charge to the effect that the jury should not consider any evidence showing, or tending to show, such defects, if error, was harmless.

The verdict of the jury embraces findings that appellant was guilty of negligence, substantially as charged in appellee's petition, proximately resulting in appellee's injuries; that appellee was not guilty of contributory negligence, and did not assume the risk of injury. The evidence was sufficient to authorize and sustain these findings; and, believing that no reversible error is disclosed by any of appellant's assignments of error, the judgment of the district court is affirmed.

Affirmed.