## KELLY v. DALLAS CONSOL. ELECTRIC ST. RY. CO.

(Court of Civil Appeals of Texas. Dallas. June 7, 1913.)

1. STREET RAILROADS (§ 90*)—INJURIES TO TRAVELERS—NEGLIGENCE.

Where, in an action against a street railroad company for injuries resulting from a collision between a car and a vehicle in which plaintiff's wife was riding, there was evidence that as the car approached the place where the accident occurred it was stopped before coming in contact with the vehicle, and while it was standing still plaintiff's wife drove the horse and vehicle in the clear, and that the motorman told plaintiff's wife to stand still that he might pass, and while the vehicle was still in the clear the motorman started forward, and after the front of the car had passed the vehicle without striking it was suddenly backed and came in contact with the side of the car, the court properly charged that, if the car was stopped and while the vehicle was in the clear, the car started forward and in so starting the motorman exercised ordinary care and after the front of the car had passed in safety the vehicle came suddenly in contact with the side of the car under such circumstances that defendant could not by the use of means at hand have stopped the car and avoided the accident, then plaintiff could not recover.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 190–193; Dec. Dig. § 90.*]

2. STREET RAILROADS (§ 118*)—INJURIES TO TRAVELERS — CONTRIBUTORY NEGLIGENCE— DUTY TO EXERCISE CARE.

Where plaintiff's wife was injured in a collision between a street car and a vehicle in which she was riding, which it was claimed came suddenly in contact with the side of the car as it was attempting to pass, the court properly charged that it was plaintiff's duty to exercise ordinary care for her own safety, and that if the jury believed that as the car approached the scene of the accident plaintiff drove to a place of safety where the car could have passed the vehicle without striking it, had the vehicle remained stationary, and if, while the car was passing the vehicle and after the front of it had passed, plaintiff's wife permitted or caused the vehicle to come in contact with the side of the car, and an ordinarily prudent person would not have done so and such act on the part of plaintiff's wife contributed to the accident, then she was negligent, and plaintiff could not recover.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 258–269; Dec. Dig. § 118.*]

3. APPEAL AND ERROR (§ 739*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

A single assignment of error cannot be based on separate paragraphs of the court's charge submitting distinct and unrelated questions to the jury and submitted as a proposition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3034–3036; Dec. Dig. § 739.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITION OF LAW.

Where an assignment of error based on the submission of paragraphs of the court's charge is not a proposition of law within itself, it must be accompanied by an appropriate proposition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. APPEAL AND ERROR (§ 1058*)—RECEPTION OF EVIDENCE—CURING ERROR.

Error in the exclusion of evidence is cured where practically all the evidence so excluded is subsequently admitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. § 1058.*]

6. APPEAL AND ERROR (§ 1056*)—EXCLUSION OF EVIDENCE—PREJUDICE.

Where, in an action for injuries to plaintiff's wife as a result of a collision with a street car, the jury found that the accident was not the result of any negligence of the defendant, plaintiff was not prejudiced by the exclusion of evidence relating solely to the extent of the injury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Error to District Court, Dallas County; Kenneth Foree, Judge.

Action by W. E. Kelly against the Dallas Consolidated Electric Street Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Parks & Patton, of Dallas, for plaintiff in error. Baker, Botts, Parker & Garwood and Walter H. Walne, all of Houston, and Spence, Knight, Baker & Harris, of Dallas, for defendant in error.

TALBOT, J. This suit was instituted by the plaintiff in error, W. E. Kelly, who will hereinafter be referred to as plaintiff, against the defendant in error, hereinafter called defendant, to recover damages for personal injuries alleged to have been inflicted upon his wife, Mrs. S. B. Kelly, through the negligence of the defendant's servants. It is alleged, in substance, that on the 3d day of August, 1909, while Mrs. Kelly, her daughter, and granddaughter were seated in a buggy or surrey, on Elm street, in the city of Dallas, Tex., the defendant's servants in charge thereof negligently propelled one of its street cars against said vehicle, "so jarring, tilting, and upsetting the said vehicle as to force plaintiff's wife therefrom with great force and violence, whereby she was seriously and permanently injured." The defendant pleaded general and special demurrers, a general denial, and specially that the plaintiff's wife negligently caused and permitted the horse hitched to the vehicle in which she was riding to back into and against the side of the car while the said car was passing the vehicle in which plaintiff's wife was seated, and this after the plaintiff's wife knew of the approach of the said car and of its attempt to pass the vehicle. Defendant alleges that the aforesaid negligence upon the part of plaintiff's wife caused and contributed to cause any injury that she may have received, if she in fact received any injury. A jury trial resulted in a verdict and judgment in favor of the defendant, and the plaintiff appealed.

[1] It is assigned that the court erred in giving the following special charge requested by the defendant, namely: "You are instructed that if you find and believe from the evidence that as the defendant's car approached the scene of the accident it stopped before reaching the vehicle in which plaintiff's wife was seated, and that while it was standing still that plaintiff's wife drove the horse and vehicle in the clear of the car so that the car could have passed same in safety, if it had remained stationary, and that the motorman thereupon told the plaintiff's wife to stand still, that he could pass, and that after such statement, while the vehicle was in the clear, the motorman started his car forward, and that in so starting his car he was in the exercise of that care that an ordinarily prudent person would exercise under the same or similar circumstances, and that the front of the car passed the vehicle in safety, and that after the front of the car passed the vehicle in safety, that the vehicle for some reason suddenly came in contact with the side of the car, and that it did so at such time and under such circumstances that the defendant could not by the use of the means at hand have stopped the car and avoided the accident, then in that event you are instructed that the plaintiff would not be entitled to recover anything of the defendant herein, and you will return your verdict for the defendant." There was no error in giving this charge. It very accurately and correctly grouped the facts relied upon by the defendant to show that it was not negligent upon the occasion of the said accident to plaintiff's wife, and was authorized by the evidence. That the defendant was entitled to such a charge is thoroughly settled by the decisions of this state. The evidence was clearly sufficient to warrant the conclusion that as the defendant's car approached the place where the accident occurred it was stopped before coming in contact with the vehicle in which plaintiff's wife was seated; that while it was standing still the plaintiff's wife drove the horse and vehicle such a distance from the railway track that defendant's car could have passed the vehicle without colliding with it had it remained stationary; that defendant's motorman operating the car thereupon told plaintiff's wife to stand still, that he could pass; that after such statement, and while the vehicle was still in the clear of the car, the motorman started the car forward; that in so starting the car he was in the exercise of ordinary care; that the front end of the car passed the vehicle without striking it; that after the front of the car had passed the vehicle in safety, the vehicle was suddenly backed, and came in contact with the side of the car; that neither of defendant's servants in charge of the car was responsible in any sense for the backing of the vehicle, and that it was so backed under circumstances that said servants could not, by the use of the means at their command, have stopped the car and avoided the accident. By the express terms of the special charge complained of it required the jury to find the existence of the foregoing essential facts in order to return a verdict in favor of the defendant. Said group of facts, if true, entitled defendant to a verdict, and the court properly so instructed them. The charge, especially when read in connection with and construed in the light of the court's main charge, is not subject to the criticism that it "makes the starting of the car and not what happened in both the starting and what happened up to the time of the starting and until the front end of the car had passed the vehicle the test of liability." The court's main charge explicitly and more than once informed the ju-

ry that there was a continuing duty resting upon the defendant to exercise ordinary care for the safety of plaintiff's wife.

Plaintiff's case was predicated upon the theory and proposition that the defendant negligently notified his wife that the vehicle in which she was seated was a sufficient distance from the railway track to enable the car to pass without striking it, when such was not true, and negligently ran the car against the vehicle while it was situated too near the track. The charge, as said by counsel for the defendant, negatives these allegations of negligence, and presupposes a state of facts that, if true, must necessarily entitle the defendant to a verdict.

[2] The fourth assignment of error questions the correctness of the court's action in giving the following special charge requested by the defendant: "You are instructed that it was the duty of the plaintiff herein to exercise ordinary care for her own safety; that is, such care as an ordinarily prudent person would have exercised under the same or similar circumstances. You are therefore instructed, if you find and believe from the evidence that as the car approached the scene of the accident, the plaintiff drove to a place of safety, where the car could have passed the vehicle without striking same had it remained stationary, and if you further find and believe that while said car was passing said vehicle, after the front of the car had passed same, that the plaintiff's wife permitted or caused the vehicle to come in contact with the side of the car, and you further find that an ordinarily prudent person would not have permitted the vehicle thus to come in contact with the car under the same or similar circumstances, and that the act of the plaintiff in thus permitting the vehicle to come in contact with the side of the car contributed to the accident complained of herein, then in that event you are instructed that plaintiff's wife would be guilty of contributory negligence." For like reasons authorizing the giving of the special charge just discussed this charge was authorized and furnishes no ground for a reversal of the case. As said in Railway Company v. Rogers, 91 Tex. 52, 40 S. W. 956: "It is especially appropriate in this class of cases to submit to the jury the group of facts which it is claimed constitutes negligence of either party and to instruct them what to do if they find the facts to be true or not. Such a charge directs the minds of the jury to the very facts in issue, and invokes their judgment upon the evidence relative to that issue." Neither of the objections urged to this charge is well taken.

[3, 4] The fifth assignment of error complains of separate paragraphs of the court's charge, and is submitted as a proposition. The paragraphs of the charge submit distinct and unrelated questions for the de-

termination of the jury, and for this reason the assignment of error is in violation of the rules, and not entitled to consideration. If we should be mistaken in this, then it is clear that the assignment is not a proposition of law within itself, and as it is not accompanied by an appropriate proposition as required by the rules is not entitled to consideration.

The sixth and last assignment of error is that the verdict of the jury is without evidence to support it. If it should be conceded that this assignment is in compliance with the rules, still it should be overruled for the reason that it is not sustained by the record.

[5] The first and second assignments of error challenge the correctness of the court's ruling in excluding certain testimony offered by the plaintiff. If there was error in these rulings of the court, it became harmless for the reason that it affirmatively appears that practically all the testimony excluded by the rulings complained of was subsequently admitted.

[6] Besides, the jury having found that the accident in question and the injury received by plaintiff's wife was not the result of any negligence of the defendant, and the evidence offered and excluded relating solely to the extent of her injury and the amount of recovery, is harmless error, if error at all.

The evidence is abundantly sufficient to support the verdict; and, finding no reversible error in the record, the judgment is affirmed.