FIRE ASS'N OF PHILADELPHIA v. POWELL et al.   (No. 1647.)*

(Court of Civil Appeals of Texas. Texarkana. May 11, 1916. Rehearing Denied June 1, 1916.)

1. INSURANCE ⬅665(2) — ACTIONS — SUFFICIENCY OF EVIDENCE—DELIVERY OF POLICY.
Evidence *held* to sustain a verdict that a fire insurance policy was intended to become effective without waiting for its approval by the insurance company's general agents.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1709; Dec. Dig. ⬅665(2).]

2. EVIDENCE ⊕—498½—OPINION EVIDENCE— COMPETENCY OF WITNESS—DISCRETION OF COURT.

A witness' competency to testify regarding the actual value of goods rests largely in the trial court's discretion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2290, 2291; Dec. Dig. ⊕—498½.]

3. INSURANCE ⊕—163(3) — CONTRACT—CONSTRUCTION—DESCRIPTION OF PROPERTY— "FURNITURE" AND "FIXTURES."

"Furniture" and "fixtures," as used in a fire insurance policy, include light fixtures and globes, ceiling fans, electric meters, mirror door, and the wiring of a building.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 342, 344; Dec. Dig. ⊕—163(3).

For other definitions, see Words and Phrases, First and Second Series, Fixtures; Furniture.]

4. INSURANCE ⊕—651(2)—ACTIONS—ADMISSIBILITY OF EVIDENCE—DELIVERY OF POLICY.

Under an issue whether a fire insurance policy was intended to become effective before approval by the insurer's general agents, the undisclosed intention of the insurer's general agent when making the contract is inadmissible.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1674; Dec. Dig. ⊕—651(2).]

5. TRIAL ⊕—312(2) — INSTRUCTIONS AFTER SUBMISSION.

Where the jury in fire insurance case, after retiring, asked whether they were instructed to calculate the loss according to an inventory, an answer that they were to consider the inventory, together with all the other evidence, *held* unobjectionable, as laying too much stress upon the inventory.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 744; Dec. Dig. ⊕—312(2).]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by L. H. Powell and another against the Fire Association of Philadelphia, in which Ray Carroll intervened. From an adverse judgment, defendant appeals. Affirmed.

Crane & Crane, of Dallas, and Morrow & Morrow, of Hillsboro, for appellant. Leake & Henry, of Dallas, and Edwards, Geppert & Wroe, of Teague, for appellees.

HODGES, J. L. H. Powell and the Security National Bank of Dallas filed this suit against the appellant in April, 1915, to recover the sum of $1,100 upon a fire insurance policy. The bank was made a party plaintiff, upon the ground that it held a mortgage against the property which had been destroyed by fire. Ray Carroll, one of the appellees, intervened during the progress of the suit, alleging that he had purchased the interest held by Powell. The principal defense interposed by the appellant is that the policy sued on had never in fact been delivered or become effective. It was contended that the policy was written with the understanding that it should be subject to the approval of the appellant company, and was not to be binding until it was passed upon by appellant's duly authorized officials. The case was submitted to the jury upon the following special issues:

"1. When L. H. Powell and W. E. Berry [appellant's agent] agreed as to the insurance involved in this case, was it understood that the policy when written up would be binding on the defendant company? Ans. Yes.

"2. Or was it understood that such policy would not be binding on the company until it should be approved by the defendant company itself? Ans. No.

"3. What was one-fifth of the total direct loss or damage by fire to the store and office furniture and fixtures, including counters, shelving, cash registers, and soda fountain of the Southland Confectionery Company contained in the building occupied by the Southland Confectionery Company from fire occurring November 16, 1914? Ans. $880."

"The Southland Confectionery Company," referred to in the above interrogatory, was the style or name under which Powell conducted his business. Upon these answers a judgment was rendered against the appellant.

[1] The refusal of the court to peremptorily instruct a verdict for the defendant is the first error assigned. The evidence shows that Powell, some time prior to the fire, applied to W. E. Berry, the appellant's local agent at Hubbard City, Tex., for insurance aggregating $6,500; that it was late in the afternoon when the application was made. This insurance was to be distributed among six different companies. The policies were written, but were never taken out of the office of the agent. There was testimony offered by the appellant tending to show an agreement or understanding between the local agent, Berry, and Powell that the policies were not to become effective until passed upon by the appellant's general agents, and were to be written subject to the approval of those agents. There was testimony, however, to the contrary. We are inclined to think that a preponderance of the evidence shows that no such conditions were imposed or agreed to by the parties. There was also testimony supporting the conclusion that it was the understanding of Powell and Berry that after the policies were written they should be kept for the insured in the safe of the agent, because Powell had no safe place in which to keep them. There was also testimony tending to show that this was customary with those who patronized W. E. Berry in the insurance business. The testimony evidently made an issue which was properly submitted to the jury. The verdict settles that part of the controversy, and will not be disturbed.

It is also urged that there was no sufficient evidence upon which the jury could find a definite sum for the loss sustained. This is equally as untenable as the other contention.

[2] The second and third assignments complain of the refusal of the court to exclude the testimony of Powell regarding the value of the goods damaged by the fire. We do

not think this testimony was subject to the objection made. The test submitted by the court was the actual, not the market, value of the goods, and Powell's competency to state that value was insufficiently shown to justify its admission. The competency of the witness in such cases is a matter that rests largely in the discretion of the trial court, and we cannot say that in this instance that discretion has been abused.

[3] It is further contended that certain articles embraced within the list of goods destroyed should have been excluded, because not covered by the terms of the policy. These consisted of light fixtures, light globes, ceiling fans, electric meter, mirror door, and the wiring of the building. The policy covered all furniture and fixtures in the burned building. The articles mentioned clearly fall within the description of "furniture" or "fixtures."

[4] The refusal of the court to permit the appellant's agent, Berry, to tell what his intention was at the time he made the contract of insurance, was proper under the circumstances. The witness had been permitted to detail what had occurred upon that occasion between him and Powell, and his undisclosed intention was not a matter to be considered in determining the legal result of those negotiations.

[5] After the jury had retired they returned into court and propounded the following question:

"If we agree on the first question in the charge, are we instructed to go by the figures given us in the inventory in the amount of loss?"

The court gave to that question the following answer in writing:

"Answering above, you are to consider the inventory, together with all the other evidence adduced before you."

It is insisted that this additional instruction given by the court operated to the injury of the appellant; that it unduly emphasized the importance of the inventory. We do not think the instruction is subject to the objection. The inventory had been introduced in evidence without any objection whatever, and it was proper for the jury to consider it, as told by the court, along with all the other evidence which had been admitted. There is nothing in what the court stated that would cause the jury to give to the inventory any more importance than its evidentiary character warranted.

The remaining assignments of error raised practically the same questions involved in those discussed.

The judgment of the district court is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes