LONGENECKER v. WARD COUNTY WA-
TER IMPROVEMENT DIST. NO. 3.
(No. 2103.)

Court of Civil Appeals of Texas. El Paso.
March 1, 1928.

On the Merits May 17, 1928.

1. Waters and water courses ⚖=251—Contigu-
ous lands admitted subsequent to creation of
water district become part of district, having
same rights and liabilities as other lands (Rev.
St. 1925, § 7649).

Under Rev. St. 1925, art. 7649, providing
that contiguous lands should not be admitted
to water district unless such lands can be ad-
mitted without prejudice to rights of any lands
originally contained therein to be first fur-
nished with adequate supply of water, lands ad-
mitted subsequent to creation of district be-
come part of district and have same rights and
liabilities as other lands therein, since all lands
are equally liable for indebtedness of district.

2. Appeal and error ⚖=1058(1)—Exclusion of
testimony that cotton crop failed for lack of
water, if error, held harmless, in view of ad-
mission of similar testimony.

In landowner's action for damages against
water improvement district for failure to fur-
nish sufficient water, error, if any, in excluding
testimony that cotton crop was failure for lack
of water, held harmless, where evidence of sub-
stantially the same nature was otherwise ad-
mitted.

3. Evidence ⚖=129(1)—Excluding testimony as
to amount of cotton raised on other land, on
issue of landowner's damages from failure of
water supply, held proper.

In landowner's action for damages against
water improvement district for failure to fur-
nish sufficient water resulting in loss of cotton
crop, excluding testimony of another landowner
as to amount of cotton raised on his land held
proper.

4. Appeal and error ⚖=1050(2)—In action for
failure to furnish sufficient water, admitting
evidence that farmers were organized to take
over district, while immaterial, held not in-
jurious.

In landowner's action against water district
for damages for failing to furnish sufficient wa-
ter, admission of evidence that farmers were
organized to take over district and bonds were
given for purchase of system, while immaterial,
held not injurious.

5. Evidence ⚖=171—Admission of testimony as
to written rules of water district held. not
violation of best evidence rule.

In landowner's action against water district
for damages for failing to supply sufficient wa-
ter, admission of testimony relative to rules of
district as to distribution of water to land-
owners which were in writing held not violation
of best evidence rule, since rules formed no
foundation for cause of action or defense, but
were collateral thereto.

6. Appeal and error ⚖=1050(2)—Admission of
evidence of inaccuracy of gauge in canal,
while immaterial, held not ground for reversal
in action against water district for failing to
furnish sufficient water.

In landowner's action against water district
for damages for failing to furnish sufficient wa-
ter, admission of evidence as to inaccuracy of
gauge in canal of water district, while imma-
terial, held not ground for reversal.

7. Evidence ⚖=546—Whether witness testify-
ing as to inaccuracy of water gauges was
properly qualified held within trial court's
discretion.

In landowner's action against water district
for damages for failure to furnish sufficient
water, whether witness testifying as to inac-
curacy of gauges had the proper qualifications
held within trial court's discretion.

8. Appeal and error ⚖=971(2)—Appellate
courts review trial court's decision on witness'
qualification to give opinion only in cases of
clear abuse.

Appellate courts have power to review trial
court's action in deciding upon qualification of
a witness to give an opinion as to matters in
controversy only in cases of clear abuse.

9. Appeal and error ⚖=1050(1)—Permitting
government geological survey records relating
to water to be impeached by hearsay testi-
mony held reversible error in landowner's ac-
tion against water district.

In landowner's action against water district
for failure to furnish sufficient water, where
question of amount of available water was ma-
terial, permitting district to discredit records
prepared by United States Geological Survey re-
lating to amount of water by introduction of
what some person had said regarding either
records held reversible error.

Appeal from District Court, Reeves Coun-
ty; Chas. L. Klapproth, Judge.

Suit by M. A. Longenecker against the
Ward County Water Improvement District
No. 3. Judgment for the defendant, and the
plaintiff appeals and brings error, and de-
fendant moves to have case affirmed on cer-
tificate. Motion overruled, judgment re-
versed, and cause remanded.

Wm. E. Loose, of Houston, and Ben Ran-
dals, of Pecos, for appellant.

J. E. Starley and H. G. Russell, both of
Pecos, for appellee.

On Motion to Affirm on Certificate.

PELPHREY, C. J. This cause was tried
in the district court of Reeves county and
resulted in a judgment in favor of appellee,
rendered on the 20th day of May, 1927. Ap-
pellant filed a motion for a new trial, which
was overruled on June 8, 1927, and thereupon
she gave notice of appeal and filed her ap-
peal bond to this court on July 1, 1927. On
September 21, 1927, appellant filed in the trial
court her application for a writ of error and

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

a cost bond on the 27th of the same month. The transcript was filed in this court on the 27th day of September, 1927. Appellee has filed a motion to have the case affirmed on certificate on the ground that the transcript was not filed within the time required by law. Article 1839, Revised Civil Statutes 1925, provides that the transcript may be filed within 90 days from the perfection of the appeal or service of the writ of error, and the record here discloses that same was filed in this court on the eighty-ninth day after the appeal was perfected. The motion of appellee to affirm on certificate is therefore overruled.

Appellant, in her answer to the motion, has prayed that her appeal be dismissed without prejudice to her right to prosecute her application for writ of error, or, in the alternative, that the appeal and writ of error be consolidated.

The case being before the court both on appeal and by writ of error, the two proceedings are hereby consolidated.

### On the Merits.

Plaintiff in error filed this suit originally in the district court of Ward county, praying for a mandatory writ of injunction requiring defendant in error to furnish water to certain lands of plaintiff in error situated in Ward county water improvement district No. 3. The writ was refused by the trial court, an appeal was taken from such order, and the writ was granted by this court June 7, 1923. Upon agreement of both parties the cause was transferred to the district court of Reeves county. On May 4, 1927, plaintiff in error filed her third amended petition, claiming both actual and exemplary damages, alleged to have been sustained by her as a result of the failure of the district to furnish to her lands her proportionante part of its available water supply.

Defendant in error filed a general demurrer, a general denial, special exceptions, specially denied certain allegations in the petition of plaintiff in error, and specially pleaded that the year 1923 was a year of unusual and extraordinary drought throughout this section of the state and that the water flowing into the Pecos river during the irrigation season of that year was small, and that the amount of water available for the use of defendant in error was totally inadequate to irrigate the lands of the district, and that if plaintiff in error's lands failed to receive sufficient water, same was caused by the shortage of water and not by any act or default on the part of the district or its officers or agents.

The cause was submitted to a jury on special issues, and, the issues having been answered adversely to plaintiff in error, a judgment was rendered by the court that plaintiff in error take nothing, the cause is now before this court for review on a writ of error.

### Opinion.

Plaintiff in error has 20 assignments of error, the first 15 relating to either the admission or exclusion of evidence, while the remaining 5 relate to the qualifications attached to bills of exceptions filed by plaintiff in error and the court's refusal to file its own bill when plaintiff in error refused to consent to the qualifications attached to the bills.

Plaintiff in error offered in evidence testimony that subsequent to the creation of the defendant district, upon the petition of the owners of lands contiguous to the district, about 1,000 acres of land were admitted to the district by the board of directors, and that approximately 200 acres of such land was irrigated in 1923; that one tract of 100 acres had never, prior to its admission to the district, received from the owner of the S. V. Biggs appropriation a water right; that approximately 50 acres of said tract were irrigated in 1923; and that all of said land which was irrigated in 1923 and which was so subsequently admitted, received from the defendant district an equal portion of the water available to the defendant district and run through its canal. Upon objection the court excluded the evidence, and his action in so doing is made the basis for the first assignment of error.

Plaintiff in error's contention is that under article 7649, Revised Statutes 1925, it was the duty of defendant in error to furnish her an adequate supply of water before delivering any water to the lands admitted to the district subsequent to its creation, and that defendant in error having pleaded that the district's water supply was inadequate in 1923, because of an unprecedented drought, and having introduced much evidence to support such pleading, that the evidence should not have been excluded.

Defendant in error, in answer to said assignment of error, asserts that the evidence was properly excluded as being irrelevant and immaterial, for the following reasons: (1) Because lands admitted to the district are entitled to their proportion of the available supply after their admission regardless of their status before admission; (2) that the limitation of the statute that additional lands shall not be admitted unless they "can be irrigated without prejudice to the rights of other lands originally contained thereon" is intended and does govern the board of directors of the district in admitting lands to the district, and by admitting the lands the board thereby has determined the question of sufficiency of water in favor of such lands, and that such decision of the board cannot be collaterally attacked; and (3) that plaintiff in error, having plead and testified that

there was sufficient water for all the lands in the district during the year 1923, cannot complain of the delivery of water to land with a secondary right, if any, unless she should first plead and prove that there was insufficient water for the lands having the primary right thereto.

The article of the statute referred to by plaintiff in error, while it contains a provision that contiguous lands should not be admitted to a district unless such lands can be admitted "without prejudice to the rights of any of the lands originally contained therein to be first furnished with an adequate supply of water," also provides that upon their admission such lands shall become subject to their proportionate share of any taxation or bonded indebtedness that may have been created against the district, as well as being subject to their part of the expenses of maintenance, operation, or other necessary expenses previously made.

[1] In our opinion the Legislature intended that once said lands were admitted, they should be a part of the district and have the same rights and liabilities as other lands therein regardless of how or when they were admitted. To hold otherwise would be to say that they were equally liable for the indebtedness and expenses of the district and secondarily entitled to the benefits. This result we do not think the Legislature intended.

The evidence offered by plaintiff in error was therefore irrelevant and immaterial, and the court committed no error in excluding it.

[2] Plaintiff in error offered in evidence the following testimony from the deposition of A. H. Perrin:

"Question, direct interrogatory No. 28: State any and all other facts within your knowledge relative to the planting, cultivating, irrigating, harvesting and marketing of said cotton crop in 1923, and all the facts and circumstances within your knowledge with reference as to why said cotton crop was a failure if it was.

"Answer to direct interrogatory No. 28: For lack of water."

The above answer of the witness was excluded by the court upon the objection of defendant in error and error is assigned to such action.

We find that the said witness further testified relative to the failure of the cotton crop on the land in question as follows:

"My recollection is that it was the Ward county water improvement district No. 3 that furnished water and irrigated about 16 acres of the Longnecker tract which I was farming, one time in the year 1923, as I have before stated, and the said partial irrigation of the said 37 acres of land was entirely insufficient for the proper irrigation of the same, in order to produce a crop on said land."

The witness Starks also testified that from his experience as a farmer the cotton was dwarfed on account of no water.

Error, if any, in excluding evidence, is harmless, where evidence of the same witness substantially the same, or to the same effect, is otherwise admitted. Peevehouse v. Smith (Tex. Civ. App.) 152 S. W. 1196; M., K. & T. Ry. Co. v. Hedric (Tex. Civ. App.) 154 S. W. 633, error refused; Kelly v. Dallas Consol. Elec. St. Ry. Co. (Tex. Civ. App.) 158 S. W. 221; Houston Belt & Terminal Ry. Co. v. Wilson (Tex. Civ. App.) 165 S. W. 560; Aurelius v. Stewart (Tex. Civ. App.) 219 S. W. 863. If there was error in excluding the above answer then we think its exclusion was rendered harmless by the admission of the other evidence to the same effect.

[3] We are also of the opinion that the court did not err in excluding the testimony of the witness Goodrich as to the amount of cotton raised on his land.

[4] Plaintiff in error also complains of the action of the court in overruling her exception to the evidence of S. V. Biggs relative to Judge Monroe organizing the farmers to take over the district and taking bonds from them therefor, and also as to the question asked the witness Briggs as to the issuance of bonds by the district for the purpose of rebuilding the system. While we think the evidence was immaterial, we cannot see that plaintiff in error was injured in any way by the evidence that bonds were given to Judge Monroe for the purchase of the system, and the witness gave no evidence as to any bonds being issued for rebuilding the system.

[5] Plaintiff in error assigns error to the admission of testimony of the witness Mauldin relative to the rules of the district as to the distribution of water to the landowners, and contends that the rules were in writing and that the evidence of the witness as to the rules was not the best evidence and therefore inadmissible.

The question of what was the rule as to the delivery of water in no way formed the foundation for the cause of action or defense, but was collateral thereto, and consequently parol evidence as to what the rule was could be heard. M., K. & T. Ry. Co. v. Johnson (Tex. Civ. App.) 193 S. W. 728; Larrabee v. Porter (Tex. Civ. App.) 166 S. W. 395; Dalhart Real Estate Agency v. Le Master, 62 Tex. Civ. App. 579, 132 S. W. 860.

The fifth, sixth and seventh assignments are accordingly overruled.

[6] The evidence admitted as to the inaccuracy of the gauge in the canal of defendant in error was in our opinion immaterial, yet we cannot agree with plaintiff in error as to its being prejudicial to her rights to such an extent as to demand a reversal of the cause. The eighth and ninth assignments are accordingly overruled.

[7] Plaintiff in error in her tenth assignment of error complains of the court's action

in permitting the witness L. D. Boxley to testify as to the inaccuracy of the gauges operated and maintained by the United States Geological Survey below the Barstow dam and in the Barstow canal. She objected to the admission of this testimony on the ground that said witness was not shown to be qualified to testify as to the facts.

[8] It is in a great measure within the discretion of the trial court to decide upon the qualification of a witness to give an opinion as to matters in controversy (M., K. & T. R. Co. v. Hedric [Tex. Civ. App.] 154 S. W. 633; Fire Ass'n of Philadelphia v. Powell [Tex. Civ. App.] 188 S. W. 47; Fort Worth & D. C. R. Co. v. Hapgood [Tex. Civ. App.] 210 S. W. 969, error refused); and appellate courts have the power to review the court's action in such matters only in cases of clear abuse (Early-Foster Co. v. Gottlieb [Tex. Civ. App.] 214 S. W. 520).

As to whether or not the witness had the proper qualifications was a matter for the court to decide within the exercise of his discretion, and we, under the facts of the case, find no abuse of that discretion.

Plaintiff in error introduced in evidence photostat copies of computation sheets prepared by the United States Geological Survey containing the unpublished record of daily gauge heights and daily and monthly discharge for the gauging stations on the Barstow canal and in the Pecos river above Barstow. These records were not objected to by defendant in error.

Defendant in error in turn introduced the following evidence by the witnesses Boxley and Starley: Boxley testified:

"I mean that the government gauge is incorrect as it is taken. I have discussed it with the officials who have come out to take my readings; they said it is incorrect."

Starley testified:

"As to my knowing how they were considered by the government: I wrote to the board on September 12, 1926, for a report upon this matter, and I got a reply from them. That is the reply. After receiving that letter I had occasion to further investigate the matter; I went to the office of the state board of water engineers and United States Geological Survey in charge of Mr. Ellsworth in Austin and applied for the records in the office, and Mr. Ellsworth advised me the records were merely estimated, and were not taken under conditions where they could be accurate, and couldn't be published, and they wouldn't certify to them

as evidence in the cases, and in addition they gave me a written statement why they wouldn't be recognized; these records show, themselves, that they are unpublished, and show in some places that they are estimated."

He further testified:

"He told me that the records were so inaccurate that he wouldn't furnish them to me to use as evidence in the case, and they were insufficient for publication."

Plaintiff in error sought the exclusion of the aforesaid evidence on the ground that it was hearsay.

[9] Defendant in error pleaded and introduced evidence tending to show that the supply of water available during the year 1923 was inadequate to supply all the lands within the district, and that the shortage of water was responsible for its failure to furnish plaintiff in error with water.

To refute this contention, plaintiff in error introduced the records above mentioned. The first issue submitted to the jury was as to whether the district or its officers refused or negligently failed to furnish plaintiff in error her proportionate share of its available water supply.

The evidence complained of was clearly hearsay, and, if its introduction affected a material issue in the case, would constitute reversible error.

It appears to us from a reading of the entire record that the question of the amount of available water was a material question, and that the records, having been introduced for the purpose of showing what amount of water was available, were not subject to being discredited by the introduction of what some third person had said regarding either the reports or the gauges in the absence of plaintiff in error.

Defendant in error in its brief contends that the records were worthless and not proper evidence; yet we find that it made no objection to their introduction. They were properly before the jury, and, being so, were entitled to whatever weight the jury might wish to attach to them, and the court erred in permitting the introduction of purely hearsay evidence to impeach them.

We feel that the other questions raised will probably not arise in another trial, and therefore it is unnecessary to discuss them.

The judgment of the trial court is reversed and the cause remanded.