**ÆTNA INS. CO. v. COLLINS.**

**No. 5080.**

Court of Civil Appeals of Texas. Amarillo.

Nov. 20, 1939.

E. T. Miller and W. C. Vinyard, both of Amarillo, for appellant.

Reeder, Reeder & Reeder, of Amarillo, for appellee.

FOLLEY, Justice.

This is a suit upon a hail insurance policy issued by the appellant, Aetna Insurance Company, upon the 1938 wheat crop of the appellee, R. J. Collins, in Armstrong County, Texas. The policy was in the sum of $2,000. Only two issues were submitted to the jury. The first inquiry was whether or not the appellee's wheat crop suffered any damages from hail on or about May 18, 1938, which was answered in the affirmative. The second issue inquired as to the extent of such injury which the jury answered "15%". Upon this verdict the court entered a judgment for $300 in appellee's favor.

The appellant presents only one proposition for reversal of this case. It asserts that the court erred in admitting over its objections the testimony of J. D. Massey, Jr., as to his opinion that the wheat was damaged by hail and that the court further erred in refusing the appellant a new trial based upon the alleged erroneous introduction of such testimony. The substance of such assignment was that the witness was not qualified to give his opinion as to the damages.

The witness Massey harvested a portion of the wheat crop of the appellee. He testified that he was twenty-six years of age and had been engaged in wheat farming most all of his life; that he had planted and harvested as many as ten or twelve wheat crops of his own; that during his experience as a farmer he had had occasion to observe wheat crops which had been hailed upon; that he had had occasion to estimate the percentage of damage of various wheat crops which had been injured or destroyed by hail; that he had observed the condition of appellee's wheat during the time he was on the ground and engaged in cutting the wheat; that there were lots of heads of the wheat on the ground where the stalk had been broken and many white heads of wheat were standing in the field; that during his experience as a wheat farmer and from his observations of wheat fields generally he had seen white heads scattered about in the fields at harvest time; that he had investigated such conditions and that he was in a position to express an opinion as to what caused the white heads; that in his opinion it was caused by hail damaging the joint containing the head; that such heads were premature and contained no grain; that while he was harvesting appellee's wheat he undertook to estimate the extent of the damage that was caused by the hail; and that according to his observation and opinion as he saw it at that particular time the dam-

age by hail to the crop in question was between twenty and thirty per cent.

 The above testimony, of which we have given only the substance, covered several pages of questions and answers and was interspersed with numerous objections of the appellant. The appellant's assignment in regard to the testimony of this witness is based chiefly upon the negative answer of the witness to a question asked him by the court. During the course of the examination of the witness, and after he had testified that he thought hail damage was the cause of white heads in wheat fields generally, he was asked by counsel for the appellee whether or not he was in a position to express an opinion as to what caused the white heads in appellee's wheat field. Counsel for appellant objected because the question was too general and the objection was overruled by the court. Thereupon, instead of a response "Yes" or "No", apparently sought by the question, the witness answered, "I think the hail caused it". The court then admonished the witness that his answer was not responsive to the question and the court himself asked the witness the following question: "Are you, in your opinion, in a position to express an opinion, from your observation and experience, as to what caused the white heads in that field? Can you say or not say? That is the question". To this interrogation he answered "No". It is apparent from what later transpired that the witness either misunderstood the question propounded by the court or he construed it literally and thereupon invaded the province of the court by declaring himself incompetent to express an opinion in the matter. In either event he later testified definitely that in his opinion from his observation and experience the white heads in appellee's field were caused by hail. The fact that the trial court later permitted the witness to so testify is conclusive, we think, that the court considered the witness qualified to answer the question, and it is our opinion the record amply supports the trial court's conclusion in this respect. In this connection the fact that the examination and observations made by the witness occurred over a month after the alleged hail would not render his testimony thereon inadmissible but would only affect the weight to be placed upon it by the jury, and especially is this true since the evidence showed that the hail of May 18, 1938 was the only one suffered by the wheat crop that year. 17 Tex.Jur. 346, para. 113. Moreover, whether or not the witness was qualified to express his opinion upon the subject was largely within the discretion of the trial court, and unless there has been a clear abuse of such discretion, which is not the case herein, we are unauthorized to disturb the action of the trial court in admitting in evidence the opinion of the witness on the matter in issue. We therefore overrule this assignment. Missouri, K. & T. R. Co. of Texas v. Hedric, Tex.Civ.App., 154 S.W. 633, writ denied; Fire Ass'n of Philadelphia v. Powell et al., Tex.Civ.App., 188 S. W. 47, writ refused; Rogers & Adams v. Lancaster et al., Tex.Com.App., 248 S.W. 660, and authorities cited.

The judgment is affirmed.