DALHART REAL ESTATE AGENCY v. MIKE C. LEMASTER.

Decided November 5, 1910.

**1.—Judgment by Default—Injunction—Equities.**

A petition for injunction to restrain the collection of a judgment by default alleged, in substance, that petitioner was a non-resident of this State; that when served with citation he employed an attorney and left his home in time to be present in court on appearance day of the term; that before reaching the county seat he received a telegram from his attorney to the effect that the suit had been abandoned and that he might return home; that he relied upon the statement of his said attorney and that said statement was the proximate cause of his failure to appear and defend the suit.; that he did not owe the debt for which judgment by default had been rendered, and that he had a meritorious defense to said suit. Held, not subject to either general or special exception and sufficient to warrant the issuance of the injunction.

**2.—Telegram—Contents—Secondary Evidence.**

When the contents of a telegram are not directly in issue, but are merely collateral to·the main issue, secondary evidence of the contents is admissible.

Appeal from the District Court of Dallam County. Tried below before Hon. Durrell Miller.

*Chauncey & Carter, Gustavus, Bowman & Jackson,* for appellant.— Appellee's petition does not show that he or his attorney exercised reasonable diligence and was free of negligence in looking after the former suit, and alleges no facts or circumstances that show or tend to excuse lack of attention to said suit: 23 Cyc., page 1042; White v. Powell, 84 S. W., 836; Bergstrom v. Kiel, 67 S. W., 781; Kansas City Life Ins. Co. v. Warbington, 113 S. W., 988; Sperry v. Sperry, 103 S. W., 419; Johnson v. Templeton, 60 Texas, 239; Anderson v. Oldham, 82 Texas, 228; Weaver v. Vanderventer, 84 Texas, 692.

Appellee made no allegations as to the standing or reputation of his

attorney, W. T. McConnell, or other facts showing himself free of negligence and warranting him in relying implicitly upon any statements or reports received from said attorney.    Harns v. Phelps, 65 Texas, 598.

The court erred in overruling defendant's special exception to all that portion of plaintiff's petition attempting to set up and allege that the original and amended petitions in cause No. 227 and the citation served thereunder did not set up a cause of action, such defense if it existed, and contentions as made by the plaintiff were proper matters of defense in the trial of the original cause No. 227 and should have been urged therein and are not proper grounds in an equitable action:  23 Cyc., page 998; 23 Cyc., page 1004; Allen v. Allen, 97 Fed., 525, 38 C. C. A., 336; Reast v. Hughes, 33 S. W., 1003; Moore v. Brittin, 38 S. W., 528; Harkness v. Hutcherson, 90 Texas, 383.

Appellee should have been required to set out how and by whom he was induced to believe the case would be abandoned, or how any accident or mistake arose, his pleadings alleging only some generalities and conclusions and being challenged by special exceptions:  23 Cyc., page 1039; Fraud: 23 Cyc., page 1041; Townes' Texas Pleadings, page 278; Baines v. Mensing Bros., 75 Texas, 200; Weeks v. Sunset Brick & Tile Co., 56 S. W., 243.

Appellee was duly served with citation in the former suit, and his failure to appear and answer therein and take notice of the judgment rendered was due to his own negligence and constitutes no ground for vacating or enjoining the enforcement of said judgment:  Fears v. Riley, 49 S. W., 836 (Mo.); Adams v. First National Bank. 52 S. W., 642; Texas Fire Ins. Co. v. Berry, 76 S. W., 219; Brownson v. Reynolds. 77 Texas, 254.

Merely defective process does not warrant enjoining or vacating judgment:  23 Cyc., page 995; 17 Am. & Eng. Ency. of Law, 1067-8-9; Moore v. Perry, 35 S. W., 838; Crain v. Griffis, 14 Texas, 361.

*Cooper & Stanford,* for appellee.—The judgment of the court in perpetuating the injunction was right:  Watson v. Texas & P. Ry. Co., 73 S. W., 830; Cetti v. Dunman, 64 S. W., 787; LeMaster v. Dalhart Real Estate Agency, 121 S. W., 185.

DUNKLIN, ASSOCIATE JUSTICE.—This is the second appeal in this case, our decision of the former appeal appearing in 56 Texas Civ. App., 302 (121 S. W., 185).

The present appeal is by the Dalhart Real Estate Agency, defendant in the trial court, from a judgment rendered in favor of Mike C. LeMaster, plaintiff, perpetually enjoining defendant from collecting a judgment theretofore recovered by said Dalhart Real Etate Agency against LeMaster.  The trial was by the court without a jury, and the trial judge filed the following findings of fact and conclusions of law as the basis of the judgment rendered:

## "Conclusions of Fact.

"1.  On February 3, 1906, defendants herein filed their first original petition in the District Court of Dallam County, Texas, against Mike C. LeMaster, a non-resident of Texas, setting up a claim of $1024 damages on account of LeMaster's alleged breach of a contract to purchase lands from plaintiffs, the damage set up being the amount plaintiffs would have received as commissions on the sale of certain lands, which they had listed with them, if the sale had gone through.

"2.  On February 3, 1906, citation was issued on said original petition and served the same day on defendant Mike C. LeMaster at Dalhart, Texas; the citation did not state the date of filing of the petition nor did it command the defendant to appear and answer the petition.

"3.  On March 27, 1906, the Dalhart Real Estate Agency filed their first amended original petition, which is substantially the same as the original petition except that it sets forth the correspondence ending in LeMaster's acceptance of the terms and agreement to buy, and concludes with a prayer for damages in the sum of $1786 instead of $1024 as in the original petition.

"4.  On April 13, 1906, the Dalhart Real Estate Agency took judgment by default in said cause on said amended petition for the sum of $1763, no answer or appearance having been made by Mike C. LeMaster.

"5.  On February 1, 1907, execution was issued to Dallam County and returned the same day by the sheriff of said county, no property found.

"6.  On September 22, 1908, execution was issued to Potter County, Texas, but said execution showed no return.

"7.  On October 9, 1908, the Dalhart Real Estate Agency made affidavit and application for garnishment after judgment, against the Amarillo National Bank, and writ of garnishment was duly issued against said bank and served on said bank on October 14, 1908, demanding the bank to appear and answer what, if anything, it was indebted to Mike C. LeMaster, or what funds, if any, of his it had in its possession.

"8.  When the original suit was filed against Mike C. LeMaster, he resided at Altus, Oklahoma, and when he was served with the citation above mentioned, he was passing through Dalhart, Texas, on his return to Altus; after being so served, and within a few days thereafter, he employed an attorney named W. T. McConnell, who also resided at Altus, to represent him in said cause.  The citation commanded him to appear March 26, 1906.  He and his attorney, W. T. McConnell, left Altus, Oklahoma, together with the intention of attending court at Dalhart, Texas, on the appearance day; but at Quanah the said Mike C. LeMaster was detained on business, and McConnell, his attorney, proceeded to Dalhart to represent him.

"9.  Later, McConnell sent a telegram to LeMaster at Quanah, Texas,

reading substantially as follows. 'Case abandoned; you can go home.' LeMaster did not produce this telegram at the trial, but testified that he had looked for it and could not find it. He testified to its contents from memory.

"10.   LeMaster, on receipt of the said telegram, returned to his home at Altus, Oklahoma, and in three or four days thereafter McConnell returned and told LeMaster that the case was all off; that it had been abandoned by the Dalhart Real Estate Agency, and that he, LeMaster, was through with it.

"11.   LeMaster believed the statements and representations made to him by his said attorney, McConnell, and took his advice, paid him his fee, and dismissed the matter from his mind.

"12.   LeMaster first learned of the rendition of the judgment in the original cause when the writ of garnishment was served on the Amarillo National Bank, about October 14, 1908, he at that time owned stock in the Amarillo National Bank. One, Hankins, an attorney-at-law at Quanah, Texas, accompanied McConnell to Dalhart, Texas, to represent LeMaster at the March term of the District Court, 1906, but this was not at the time nor for a year later known to LeMaster; he paid Hankins no fee.

"13.   On cross-examination it appeared that LeMaster was not familiar with the legal terms, and that if the telegram from McConnell had said, 'Court without jurisdiction; you can go home,' it would have made practically the same impression upon him as if it had said, 'Case abandoned, you can go home.' He seemed positive, however, that the telegram said, 'Case abandoned, you can go home.'

"14.   W. B. Chauncey, a member of the firm known as the Dalhart Real Estate Agency, talked with LeMaster on February 3, 1906, when the citation was served on LeMaster, and told him that they would thrash the matter out in the courts, and proposed to collect the money sued for. On appearance day of the March term of District Court for Dallam County, 1906, D. B. Hill, legal representative of the Dalhart Real Estate Agency, asked Judge Webster to call the case of the Dalhart Real Estate Agency against Mike C. LeMaster. McConnell was in the courtroom at the time, probably in position to hear what Hill said to the judge, and as the judge was turning the pages of his docket looking for the case, or immediately after the judge called the case, McConnell took his hat and left the court room, and never again appeared in the courthouse as attorney for LeMaster. On this appearance day or thereabouts, perhaps the day prior thereto, McConnell and Hankins were seen by C. H. Carter, a member of the Dalhart Real Estate Agency, examining the amended petition in the original case. Neither W. B. Chauncey nor C. J. Carter, nor C. F. Carter, the members of the Dalhart Real Estate Agency, nor D. B. Hill, their attorney, ever told LeMaster or either of his attorneys or any one else that the case would be dismissed.

"15.   Judgment was not taken on appearance day, but was put off till April 13, 1906, because Judge Webster wanted to hear some authori-

ties, which were not presented until April 13, 1906, whereupon on hearing the authorities and the evidence adduced by the Dalhart Real Estate Agency, judgment by default was rendered in favor of the Dalhart Real Estate Agency, against Mike C. LeMaster for the sum of $1763 and costs of suit.

"16.  McConnell told W. M. Pardue, during the March term of District Court of Dallam County, Texas, 1906, that the reason he had not filed an answer for LeMaster was that he had become convinced that the court was without jurisdiction, for the reason that plaintiffs had filed an amended petition setting up a new cause of action, and that LeMaster had not been served with notice of the amended petition.

## "Conclusions of Law:

"1.  I find that neither the original nor the amended petition upon which the judgment of April 13, 1906, was predicated, showed a cause of action entitling the Dalhart Real Estate Agency to recover any sum of money from Mike C. LeMaster, for the reason that as a mere selling agent, they had no such interest in the contract for the sale of land therein set forth as would authorize them to recover damages in the way of lost commissions from the proposed purchaser who had refused to comply with the contract.

"2.  The citation was defective in not stating the date of the filing of the original petition, and in not commanding the defendant to appear and answer the petition, and therefore the judgment of April 13, 1906, was voidable.

"3.  LeMaster had a meritorious defense to the action on which judgment by default was taken on April 13, 1906, as shown not only by the original petition, but by his testimony in this trial, wherein he stated that he had never owed the Dalhart Real Estate Agency anything, and that he was prevented from appearing and presenting his defense by the acts of his attorney, McConnell, in wiring him that that case had been abandoned, and that he might go home.

"4.  It appearing that LeMaster believed the statements of his counsel, McConnell, and that these statements were the proximate cause of his failure to appear and defend the original suit, and that his so believing his counsel and acting on his advice did not constitute culpable negligence on his part, and that he had a meritorious defense to the said suit, it would be inequitable to allow the judgment of April 13, 1906, to stand."

It is earnestly insisted that the court erred in overruling appellant's general demurrer and special exceptions to plaintiff's petition.  The petition set out substantially all the facts found by the trial court.  On the former appeal we held same petition to be sufficient as against a general demurrer, and for the reasons given in our former opinion we adhere to that ruling now.  It was proper to so plead the facts in order to show fully the equities sought, and appellant's special exceptions to sep-

arate groups of those facts as constituting defenses only to the original suit and insufficient to show a right in appellee to the injunction granted in this suit, were properly overruled.

Over appellant's objections appellee was permitted to testify to conversations between himself and his attorney relative to the former suit, also to certain acts on the part of both. This testimony was admissible to prove that appellee was not negligent in failing to appear and answer the former suit.

We are of opinion further that secondary evidence of the contents of a telegram to appellee from his attorney, that the former suit had been dismissed, without showing sufficient excuse for failure to procure the original message, was admissible as its contents were not directly in issue, but were collateral only to the main issues. International & G. N. Ry. v. Lynch, 99 S. W., 160; 17 Cyc., 508-509.

Appellant complains that the judgment was erroneous in that the evidence conclusively showed that appellee was guilty of negligence in failing to appear and defend the former suit. No assignment has been presented directly challenging the finding that appellant was not guilty of negligence in that particular; and, besides, that finding of fact seems fully supported by the evidence. If the assignment now under discussion be considered as a proposition that appellee should be held to have been guilty of negligence as a matter of law in failing to defend the former suit, independent of the court's findings of fact above noted, that question has been disposed of adversely to appellant in our discussion of the merits of the petition in the light of the general demurrer. The judgment is affirmed.

*Affirmed.*

Writ of error refused