## LIPSITZ et al. v. PRIDEAUX. (No. 88.)

(Court of Civil Appeals of Texas. Waco. Oct. 16, 1924. Rehearing Denied Nov. 20, 1924.)

1. **Cancellation of instruments ⬅37(7)—Petition pleading duress held sufficient.**

In suit to cancel deed of trust petition *held* sufficient.

2. **Mortgages ⬅87—Estoppel to sue to cancel deed of trust, pleaded by defendants, should have been submitted to jury under appropriate charges and definitions.**

In suit to cancel deed of trust because executed under duress, defensive issues pleaded by defendants, that plaintiff ratified deed and had accepted benefits therefrom, and had permitted defendant to change position and lose securities which he had, relying upon deed, should have been submitted to jury under appropriate charges and definitions.

3. **Cancellation of instruments ⬅43—Testimony as to duress at time other than when duress was claimed held inadmissible.**

In suit to cancel deed of trust, because of duress through threats of imprisoning plaintiff's son-in-law, testimony as to what son-in-

law told plaintiff and her daughter, and what they said to him when neither defendant was present, and as to effect such statements had on plaintiff and her daughter, timely objected to, should have been excluded; such statements not being the threats which plaintiff claimed induced her actions.

**4. Mortgages ☞86(2)—Testimony of conversations of all parties at times when plaintiff claimed threats were made held admissible.**

In suit to cancel deed of trust, where plaintiff claimed threats of imprisoning her son-in-law were made only on two occasions, it was permissible for her to introduce all testimony as to what was said by all parties on those occasions, with reference to execution of deed.

**5. Mortgages ☞86(2)—Admission of testimony that plaintiff's son-in-law abused his wife after execution of deed of trust by plaintiff, to save him from imprisonment, held error.**

In suit to cancel deed of trust on ground that plaintiff was coerced by threats of imprisoning her son-in-law, admitting testimony of plaintiff's daughter with reference to her husband being drunk and abusing her, several months after execution of deed, was error.

**6. Mortgages ☞86(2)—Admitting testimony of plaintiff's daughter as to reasons for having plaintiff record deed given plaintiff held error.**

In suit to cancel a deed of trust on ground of duress by threats of imprisoning plaintiff's son-in-law, defended on ground of ratification, in that plaintiff in return therefor had received and recorded deed from son-in-law and daughter, permitting plaintiff's daughter to testify as to reasons for having plaintiff record deed given by her and her husband was error.

**7. Witnesses ☞390—Admission of testimony as to what witness had stated prior to giving deposition, being irrelevant and immaterial, held error.**

In suit to cancel deed of trust, admission of testimony of witness concerning conversations he had with one of defendants after deed was executed, with reference to what defendant and he discussed prior to witness' deposition, was error, being irrelevant and immaterial, and testimony of witness by deposition not being impeachable by such testimony.

**8. Cancellation of instruments ☞43—Permitting witness to testify as to shortage in accounts with defendant held error.**

In suit to cancel deed of trust on ground of duress by threats of imprisoning plaintiff's son-in-law, who was not a party to suit, where validity of note executed by son-in-law, payable to one of defendants, secured by deed of trust, was not in issue, permitting him to testify that he was not short in accounts with defendant was error.

**9. Evidence ☞271(15)—Permitting attorney to testify as to conversation with client, concerning suit to cancel deed of trust, held error.**

In suit to cancel a deed of trust, permitting attorney to testify to conversation with plaintiff four months after execution of deed, with reference to bringing suit, statements testified to being self-serving and immaterial, was error.

**10. Witnesses ☞248(1)—Ex parte statements of witnesses not permissible.**

In suit to cancel deed of trust, ex parte statements by plaintiff and plaintiff's daughter as witnesses should not have been permitted.

**11. Mortgages ☞86(2)—Permitting witness not interested in land, subject to deed of trust, to testify to threats against him held error.**

In suit to cancel deed of trust on ground of duress by threats made by one defendant to imprison plaintiff's son-in-law, who was not party to the suit, and was not interested in land in question, permitting son-in-law to testify concerning threats made against him by either defendant was error.

**12. Evidence ☞378(5)—Telegrams identified by sender and receiver sufficiently identified to be admitted in evidence.**

In suit to cancel deed of trust on ground of duress by threats to imprison plaintiff's son-in-law, telegrams passing between defendants, offered to corroborate statements of one defendant denying threats identified by sender and receiver as ones in question, were sufficiently identified to be admitted in evidence, although original messages delivered to telegraph company were not produced or accounted for.

**13. Mortgages ☞86(2)—Testimony that company, managed by person threatened to be imprisoned, had made money under his control held irrelevant and immaterial.**

In suit to cancel deed of trust on ground of threats to imprison plaintiff's son-in-law for embezzlement as manager of lumber company, requiring defendant to testify that company had made money while plaintiff's son-in-law was in control thereof was error; it being irrelevant and immaterial.

**14. Trial ☞350(4)—Submission of issue presenting question of what was said in conversation by defendant to plaintiff day before executing deed held proper.**

In suit to cancel deed of trust on ground of duress, issue presenting question as to what was said by one defendant to plaintiff, day before deed was executed, concerning it, when plaintiff claimed threats were made, was proper.

**15. Cancellation of instruments ☞43—Whether plaintiff agreed to give deed of trust before execution, and whether she feared defendant that day, held immaterial.**

In suit to cancel deed of trust on ground of duress by threats to imprison plaintiff's son-in-law, whether plaintiff agreed to give deed day before it was executed and whether she was then in fear of defendant or afraid that he would harm her son-in-law, was not material; real issue being condition of plaintiff's mind at time of execution of deed and reasons why she executed it.

**16. Contracts ☞95(1)—Mortgages 86(1)—Essential elements of "duress" stated; burden of showing duress in execution of deed of trust stated.**

Test in case of duress is condition of mind, and reason why and motive underlying execu-

tion of instrument when it was executed, and, to defeat execution of deed of trust because of "duress," it is necessary for plaintiff to establish that instrument was not signed as deliberate act or of free will, and without coercion on part of defendants.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Duress.]

**17. Mortgages ⊜⇒79—Entreaties of relatives of grantor in deed of trust not binding on grantees as to duress.**

In suit to cancel deed of trust on ground of threats to imprison plaintiff's son-in-law, statements made to plaintiff by son-in-law or daughter, and persuasions or entreaties brought to bear on her by them, would not be binding on defendants.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Suit by Mrs. N. A. Prideaux against Louis Lipsitz and another. From judgment for plaintiff, defendants appeal. Reversed and remanded.

Spence, Haven, Smithdeal & Spence, of Dallas, for appellants.

N. J. Llewellyn, and Bartlett & Dodson, all of Marlin, for appellee.

BARCUS, J. [1] Appellee brought this suit to cancel a deed of trust which she gave to appellant A. W. Spence, as trustee, to secure a note for $9,300, payable to appellant Louis Lipsitz, signed by her son-in-law A. C. Henke. She alleged that the deed of trust was secured by duress in the following manner: That A. C. Henke had been for many years the manager of appellant Louis Lipsitz's lumber business in Lott, and that about the 15th of May, 1922, appellant A. W. Spence came to her home in Lott, Tex., and told her that A. C. Henke was short in his account with appellant Louis Lipsitz, in that he had used more than $9,000 of the lumber company's money, and that he was guilty of the crime of embezzlement, and that he (Spence) was going to send him (Henke) to the federal penitentiary, unless she would give a deed of trust on her land to secure the said Lipsitz in the payment of said money. She alleged that she became very much alarmed, and pleaded with the said Spence not to force her to sign the deed of trust, but that Spence told her he was going to take Henke with him to Dallas and send him to the federal penitentiary, if she did not sign said deed of trust, and that if she would sign said deed of trust he would take him to Dallas with him, but would let him come back home as soon as the deed of trust was executed. Plaintiff alleged she was a widow, more than 60 years of age, and she believed Spence had the authority to, and would, do what he threatened, and to save her son-in-law, and fearing that disgrace would be brought upon him and her daugh-

ter, she promised and agreed to sign the deed of trust, and agreed to meet said Spence, who was acting for said Lipsitz, in Waco the next day and execute same; that she did, on the next day, meet her son-in-law Henke and Spence at the hotel in Waco and sign the deed of trust; that she signed the same because she verily believed that she had to do so to save Henke from being at once sent to the federal penitentiary, and that such fear paralyzed her will, and such signature was not her voluntary act and deed; and that by reason thereof she was entitled to have the deed of trust canceled because of the duress that had been used by the appellants, acting through Spence, to get her to execute same.

The only ground of duress alleged by appellee for the cancellation of the deed of trust was the statements above set forth, which she claimed were made to her by A. W. Spence, the agent of appellant Lipsitz, while the said Spence was at Lott, and his words and actions at Waco when the deed of trust was signed. The appellants denied all the allegations of appellee with reference to the threats made, and alleged that the appellee had not only executed the deed of trust of her own free will and accord, but that since she had signed same she had ratified the deed of trust and had accepted benefits, in that she had accepted a deed from her son-in-law Henke and wife to their property in Lott to indemnify her against the payment of the money to appellant, and had recorded the deed which they had executed to their property, which was valued at about $3,000; and that she had knowingly permitted appellant Lipsitz to pay two notes at the bank at Lott, which Henke had executed without authority, and had caused the appellant Lipsitz to surrender the claim he had against the bonding company to indemnify him against the shortage of her son-in-law Henke.

Trial was to a jury, and the cause was submitted on a number of special issues. At the close of appellee's testimony, appellants asked for a peremptory instruction, and, after the testimony had been concluded by all parties, again renewed their request for a peremptory instruction, which was refused, and the court's action with reference thereto is assigned as error. We think appellee's petition stated grounds, if true, for a rescission or cancellation of the deed of trust on account of duress. Gray v. Freeman, 37 Tex. Civ. App. 556, 84 S. W. 1105; Medearis v. Granberry, 38 Tex. Civ. App. 187, 84 S. W. 1070; Hensinger v. Dyer, 147 Mo. 219, 48 S. W. 912; Shriver v. McCann (Tex. Civ. App.) 155 S. W. 317; Houston Ice & Brewing Co. v. Harlan (Tex. Com. App.) 228 S. W. 1090. Appellee's testimony was sufficient to raise the issue of duress. In view, how-

ever, of the disposition we make of the case, we refrain from commenting upon said testimony. We overrule the assignments of error which complain of the court's action in refusing to peremptorily instruct the jury to return a verdict for appellants.

[2] There are 61 assignments of error presented in appellants' brief, and it would prolong the opinion to an unreasonable length to attempt to discuss each one in detail. We believe the questions involved can be stated in such way that the trial court can understand our holding, without taking up each assignment separately. It would serve no useful purpose for us to discuss the law with reference to duress. The authorities above cited are the leading cases which we have found on this question in Texas. The appellants requested the court to define what was meant by the term "duress," and also requested the court to instruct the jury that, if appellee had ratified the deed of trust in the manner as described in appellants' answer, and if appellant had changed his position and lost securities which he had, relying upon the deed of trust, and appellee knew said fact, she would be estopped. These defensive issues should have been submitted by the court under appropriate charges and definitions. Loud v. Hamilton (Tenn. Ch. App.) 51 S. W. 140, 45 L. R. A. 400; Landa v. Obert, 78 Tex. 33, 14 S. W. 297; Houston Ice & Brewing Co. v. Harlan (Tex. Com. App.) 228 S. W. 1090.

[3, 4] A great deal of testimony was offered by appellee, over appellant's objections timely made, as to what Henke told his mother-in-law and his wife, and what they said to him, when neither of appellants were present, and as to the effect said statements had on appellee and Mrs. Henke. All of said testimony should have been excluded. Beville v. Jones, 74 Tex. 148, 11 S. W. 1128; Klein v. Stahl (Tex. Civ. App.) 219 S. W. 523; Walker v. Kellar (Tex. Civ. App.) 218 S. W. 792. It was permissible for appellee to introduce all the testimony as to what was said by all parties at the time Spence was at her home prior to the execution of the deed of trust, and as to what was said by all parties at the hotel in Waco the day thereafter, when the deed of trust was executed, with reference to the execution thereof; and her testimony should have been limited to these conversations; because those were the only conversations and times at which appellee claimed any threats were made to her which influenced her in executing the deed of trust.

[5, 6] It was error for the trial court to admit the testimony of Mrs. Henke, with reference to her husband, several months after the execution of the deed of trust, being drunk and abusing her, and permitting Mrs. Henke to give her reasons for having her mother record the deed which she and her husband had given appellee, because same is not binding upon appellants, and throws no light on the issue raised by her pleadings.

[7] It was error for the court to permit the witness Henke to testify about the conversations which he had with Spence in San Antonio, long after the deed of trust had been executed, with reference to what Spence and he (Henke) discussed prior to Henke's giving his testimony by deposition, because same was irrelevant and immaterial, and the testimony of the witness as given by deposition could not be impeached in said manner. If the witness Henke had testified that his testimony given by deposition was untrue in any particular, he could state the facts with reference to said particular statement or statements and give the reason why he had made false statements in said deposition.

[8] It was error for the court to permit the witness Henke to testify that he was not short in his accounts with appellant Lipsitz. Henke was not a party to the suit, and the validity of the note which he executed was not in controversy, and said testimony was not material to any issue raised by the pleadings.

[9] It was error for the court to permit the attorney, Mr. Llewellyn, to testify to a conversation he had with appellee some four months after the execution of the deed of trust, with reference to bringing this lawsuit; said statements being self-serving declarations, and immaterial to any issue raised by the pleadings.

[10] A great portion of the testimony of appellee and her daughter Mrs. Henke was given as voluntary statements, not in response to any questions asked by counsel. The action of Mrs. Henke in making ex parte statements to the jury should not have been permitted, and the ex parte statements by appellee of facts not admissible should not have been permitted, and the ex parte statements made by appellee about Mr. Spence should not have been permitted. The trial court should have instructed said witnesses to answer the questions as asked, and should have restrained Mrs. Henke from making voluntary statements, and should have restrained appellee from making any ex parte statements by which she testified to facts which were not admissible.

[11] It was error for the court to permit the witness Henke to testify as to threats that had been made to him, either by Lipsitz or Spence, and the fear that he was under of being sent to the penitentiary, because Henke was not a party to the suit and had no interest in the land, and appellee was attempting to avoid the deed of trust only by reason of threats made to her by Spence, and any fear which Henke may have entertained, or any threats that may

have been made to him, would not be ground for defeating the deed of trust executed by appellee under the allegations as made by her.

[12] Appellants complain of the action of the court in refusing to permit them to introduce telegrams which passed between A. W. Spence, while he was at Lott, on the day he had the conversation with appellee, and appellant Lipsitz, at Dallas, and a telegram sent by Spence to Lipsitz from Waco after the deed of trust had been signed. The appellee had testified that Spence had stated to her, while he was at her house, about 11 o'clock in the morning, that he was going to take Henke to Dallas with him that night, and unless she would agree to sign the deed of trust he would not let Henke come back, but would send him on to the penitentiary. Spence denied this conversation, and, as corroboration of his statements, he offered in evidence the telegrams that passed between him and Lipsitz in the afternoon, in which Spence was attempting to get Lipsitz to meet them at Waco. The telegrams were identified by both Spence and Lipsitz as being the ones sent and received. The only objection urged against the introduction of the telegrams was that they had not been properly proven; appellee claiming that the original messages delivered to the telegraph company must be produced or accounted for. We do not think the objection urged was good. The telegrams were sufficiently identified to admit them in evidence. Wigmore on Evidence (2d Ed.) vol. 2, pars. 1236 and 1252; 22 C. J. p. 1015; Heidenheimer v. Beer (Tex. Civ. App.) 155 S. W. 352; Dalhart Real Estate Agency v. Le Master, 62 Tex. Civ. App. 579, 132 S. W. 860.

[13] It was error for the court to require the appellant Lipsitz to testify that the lumber company at Lott had made money while Henke was in control thereof; same being irrelevant and immaterial to any issue in this cause.

[14, 15] Appellants complain of the issues submitted by the court. The first issue, which presents the question as to what was said by Spence to appellee at her home in Lott the day before the deed of trust was executed, was proper. Appellants' objections to special issues Nos. 2, 3, and 4 should have been sustained. It was not material whether appellee agreed to give the deed of trust the day before it was executed or not, nor as to whether she was, the day before, in any way afraid of Spence, or afraid that he would harm Henke; the real issue in the case, as pleaded by appellee, being the condition of her mind at the time she executed the deed of trust at Waco, and the reasons why she executed same. She might have, the day before, been excited and alarmed,

and willing to do anything to save her son-in-law.

[16, 17] The test in a case of duress is the condition of the mind, and the reason why and the motive underlying the execution of the instrument, at the time it is executed. If, at the time appellee executed the deed of trust, she was moved solely by a desire to save her son-in-law from disgrace and prosecution, and possibly imprisonment, but she signed the same deliberately and of her own free will and accord, and without any coercion on the part of defendants, it would not constitute duress. 9 R. C. L. p. 917. In order for appellee to defeat the execution of the deed of trust by reason of duress, it is necessary for her to establish the fact that the instrument was not signed as her deliberate act, and of her own free will, and without coercion on the part of appellants. Any statements made to her by her son-in-law or daughter, and any persuasions or entreaties which they may have brought to bear on her, would not be binding upon appellants. Houston Ice & Brewing Co. v. Harlan (Tex. Com. App.) 228 S. W. 1090.

For the errors indicated, the cause is reversed and remanded.