## HUTSON v. CLARK. (No. 358.)

Court of Civil Appeals of Texas. Eastland. Feb. 17, 1928.

1. Pleading ⌸387—Testimony of plaintiff at variance with pleading, whether construed as original amended petition or trial amendment, held inadmissible.

Where, on date of trial, plaintiff with leave of court filed pleading, designated by him as trial amendment to original petition, in which he alleged that oil well casing was sold to partnership acting through agent, and on trial his testimony regarding transaction was that he sold to partner personally, to which defendant objected, on ground it contradicted pleading, and objection was overruled, held that, whether pleading be construed as an amended original petition or as trial amendment, testimony should not have been admitted, because it was at variance with specific allegations of pleading covering particular transaction detailed by witness, and testimony must conform to such allegations, rather than general allegation of original petition.

2. Pleading ⌸49—Pleading should be construed by contents rather than by designation, especially where to do otherwise permits plaintiff to go to trial on contradictory pleadings.

Pleading should be construed by its contents rather than by particular designation given it, especially when any other construction would enable plaintiff to go to trial on two contradictory pleadings.

3. Appeal and error ⌸989—Court of Appeals, in passing on sufficiency of evidence to sustain judgment, held limited to facts filed in record in that court.

Where, in action for purchase price of oil well casing, record on appeal to Civil Court of Appeals did not contain evidence of amount of casing sold to support judgment rendered, and plaintiff, recognizing its insufficiency, insisted that examination of statement of facts would disclose that exhibits were offered in evidence, showing amount which court's stenographer failed to include in record, held, that Court of Appeals was not authorized to take into account

---

⌸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

instruments not contained in record, but was limited in passing on sufficiency of evidence to that contained in statement of facts filed in that court.

**4. Partnership ⬩⬩⬩200—Action for oil well casing alleged to have been sold partnership held maintainable against individual partner, without joining other partner.**

In action for oil well casing against defendant, alleged to have been member of partnership, as an individual, without joining copartner, *held*, that holder of claim against partnership may proceed against any of partners individually, and it is not necessary to join partners.

**5. Evidence ⬩⬩⬩171 — Telegram from former partner of defendant to plaintiff held admissible to contradict testimony of defendant, and not violative of best evidence rule.**

In action against individual member of partnership, where telegram received by plaintiff from former·partner of defendant was admitted in evidence to contradict testimony of defendant, who invoked best evidence rule as an objection to its admissibility, *held* telegram was admissible, since it was not basis of suit, but was offered as proof of collateral fact only.

**6. Witnesses ⬩⬩⬩406—Telegram received by plaintiff in reply to one sent to defendant's former partner held admissible to contradict defendant.**

In action for oil well casing against individual partner, telegram received by plaintiff from former partner of defendant as an immediate reply to telegram sent by plaintiff to same address from which it came concerning same subject-matter *held* admissible to contradict defendant.

**7. Evidence ⬩⬩⬩249(3)—Telegram from member of partnership to plaintiff held inadmissible in action against individual partner, if sent subsequent to dissolution; dissolution terminating authority of partner to bind another by admissions.**

In action against individual partner for oil well casings, telegram sent by defendant's partner to plaintiff *held* inadmissible to contradict, if partnership was dissolved, since dissolution of partnership terminates authority of one partner to bind other by admissions.

Error from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by F. C. Clark against Frank Hutson. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. Marcus Weatherred, of Coleman, for plaintiff in error.

Con. J. O'Connor, of Breckenridge, for defendant in error.

HICKMAN, C. J. The judgment under review was rendered for the alleged balance due by plaintiff in error to defendant in error as the purchase price of certain oil well casing. The only facts necessary to an understanding of the points discussed will be given in connection with the discussion of the various assignments.

[1, 2] On the date of the trial defendant in error, with leave of the court, filed a pleading designated by him as his trial amendment to his original petition. In this pleading he alleged that the casing was sold to the partnership of Hutson & Hamilton, acting by and through J. W. Hamilton. His testimony regarding the transaction was as follows:

"I sold Mr. Hutson this pipe in person himself. I sold him this 2,900 feet of 6⅝ to Mr. Hutson himself. At the time he talked to me about it, he told me that he was buying it for himself. He agreed and contracted to take approximately 3,000 feet of casing."

To the introduction of this testimony the plaintiff in error objected, on the ground that it contradicted the pleadings. The objection having been overruled and the testimony admitted, a bill of exceptions was taken, and the action of the court in admitting this testimony over the objection urged is properly before us for review. Defendant in error meets the propositions of plaintiff in error by the contention that the evidence was not at variance with the original petition, and the question of its admissibility should be judged by the original petition, rather than by the trial amendment. We have concluded that the pleading designated as a trial amendment was in fact an amended original petition, which had the effect of superseding the original petition theretofore filed. The pleading was not filed in response to any ruling by the court, but appears to have been filed before the commencement of the case. It is a complete pleading of a cause of action from the introduction to the prayer. This pleading should be construed by its contents, rather·than by the particular designation given it. Our construction is that it was an amended original petition. Any other holding would permit the plaintiff to go to trial upon two contradictory pleadings on the same subject-matter filed at different times, without a substitution of the latter for the former. This question was considered by our Supreme Court in the case of Contreras et al. v. Haynes, 61 Tex. 103, and was disposed of in the following clear language:

"But it was not the intention of the rules that a trial amendment should be made to include pleadings which were not demanded by the ruling of the court upon such exceptions. Otherwise all regulations on the subject of substituting the instrument amended might be evaded by means of a trial amendment."

But, should this pleading be construed to be a trial amendment, we would still be constrained to hold that the evidence must correspond to the particular allegations thereof, rather than the general allegations of the

original petition. This question was fully considered in the case of Krueger v. Klinger, 10 Tex. Civ. App. 576, 30 S. W. 1087, from which we quote the following:

"Defendant was not satisfied with the ruling of the court sustaining the original answer, and filed the trial amendment to cover defects in the original answer, which set up the particular consideration relied upon. The trial amendment was evidently intended to state the very consideration referred to in the original answer, and the court did not err in so construing it, and in construing it and the original answer on this point together. It had the effect to destroy the original answer, and make it also a bad plea, if it were not so before. So we conclude that the court did not err in holding that the original answer in this respect was ruled out of the case by the ruling on the trial amendment, the latter being a part of the former."

The conclusion is that the testimony complained of should not have been admitted, because it was at variance with the pleadings covering the particular transaction detailed by the witness.

[3] The record does not contain sufficient evidence of the amount of casing sold to support the judgment rendered. The defendant in error recognizes its insufficiency in this regard, but insists that a close examination of the statement of facts will disclose that exhibits were offered in evidence disclosing the amount which the court stenographer failed to include in the record. We are not authorized to take into account instruments not contained in the record, but are limited in passing upon the sufficiency of the evidence to that contained in the statement of facts filed in this court.

[4] The contention of plaintiff in error that the defendant in error was not entitled to prosecute this suit against him without joining his copartner, Hamilton, cannot be sustained. The case of Fowler Com. Co. v. Charles Land & Co., 248 S. W. 314, by the Commission of Appeals decides the question of whether a holder of a claim against a partnership may sue one of the partners individually, without joining the other partners or the partnership, in this language:

"A holder of a claim against a partnership may proceed against any of the partners individually, and it is not necessary to join either of the other partners or the partnership."

[5] Error is assigned to the action of the trial court in admitting in evidence a telegram received by defendant in error from J. W. Hamilton, a former partner of plaintiff in error. The telegram offered was the original delivered by the telegraph company to defendant in error. The best evidence rule was invoked as an objection to its admissibility. We do not believe the record discloses any error in admitting this telegram.

It was not the basis of the suit, but was offered as proof of a collateral fact only, and to contradict the testimony of the plaintiff in error. It has been frequently held that the best evidence rule has no application, when the fact sought to be proved is merely collateral to the main cause of action. Heidenheimer v. Beer (Tex. Civ. App.) 155 S. W. 352; Lipsitz v. Prideaux (Tex. Civ. App.) 266 S. W. 199; Dalhart R. E. Agency v. Le Master, 62 Tex. Civ. App. 579, 132 S. W. 860.

[6] Still another reason why this telegram was admissible is found in the fact that it came as an immediate reply to a telegram sent by defendant in error to Hamilton at the same address from which this telegram came, concerning the same subject-matter as that contained in the telegram offered. Denby v. Mears (Tex. Civ. App.) 229 S. W. 994; Sealy Cotton Company v. Gustafson et al. (Tex. Civ. App.) 258 S. W. 911; 3 Wigmore on Evidence, par. 2153.

[7] It is contended that the partnership of Hutson & Hamilton had been dissolved before the telegram was sent. It is elementary that the dissolution of the partnership terminates the authority of one partner to bind the other by admissions, and if, upon another trial, it is disclosed that the partnership in fact had been dissolved prior to the date of the telegram, the learned trial judge will sustain a proper objection made to its admissibility.

For the reasons indicated, the judgment of the trial court will be reversed, and the cause remanded.