## COMMERCIAL STANDARD INS. CO. v. LEE.
### No. 824.

Court of Civil Appeals of Texas. Eastland.
March 20, 1931.

Rehearing Denied April 17, 1931.

See, also, Commercial Standard Ins. Co. v. Bessent, 37 S.W.(2d) 789.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Thomas J. Coffee, of Big Spring, for appellee.

HICKMAN, C. J.

The appeal is from a judgment in favor of appellee against appellant on a theft insurance policy covering a Chevrolet automobile. In its answer appellant pleaded as a defense the failure of appellee to furnish proof of loss in accordance with the terms of the policy. To this defense appellee pleaded a waiver of the provisions of the policy by appellant. Upon the trial of the cause, practically all of the evidence offered was on the question of waiver. Appellant offered no evidence. Upon the answer of the jury to a special issue in favor of appellee on the question of waiver, judgment was rendered for $450, divided ratably between appellee and a mortgagee, W. R. King, who was made party to the suit.

In its brief appellant presents eleven propositions for reversal. The first ten propositions claim that error was committed by the trial court in admitting evidence offered on the question of waiver of proof of loss. The sufficiency of the evidence to support the finding of the jury on the question of waiver is not challenged, but the telegrams and correspondence passing between the parties, and those between the company and its local agent at Big Spring were sought to be excluded as evidence. We do not find it necessary to write a lengthy opinion setting out all these bills of exceptions. Appellant's contentions are clearly met by the counter propositions of appellee and the authorities relied upon. No cause of action was based upon these telegrams and letters, as such, but they were offered as circumstances on the issue of waiver. The various letters and telegrams relate to the same subject-matter, and were sent or written in answer to prior telegrams and letters from appellee or appellant's local agent in Big Spring. We considered this exact question in the case of Hutson v. Clark, 3 S.W.(2d) 484, citing the authorities in support of the conclusion that the best evidence rule has no application to a telegram sent as an immediate reply to a telegram sent by the opposite party to the same address from which the reply telegram came concerning the same subject-matter as that contained in the original telegram. The rules relied on by us in that case and the authorities there cited afford sufficient reasons for overruling the first ten propositions. Additional authorities and reasons are pointed out in appellee's brief.

The eleventh proposition complains of the alleged failure of the trial court's charge to instruct the jury on the burden of proof. The issue objected to began in the following language: "Do you find from a preponderance of the evidence? * * * *"

No discussion of that question is necessary. Upon the authority of Davis v. Morrison (Tex. Civ. App.) 14 S.W.(2d) 296, and authorities there cited, and 3 Tex. Jur. p. 1268, § 886, we hold that the form of the issue rendered unnecessary any further charge on the burden of proof.

The judgment of the trial court will be affirmed.