## COMMERCIAL STANDARD INS. CO. v. BESSENT.
### No. 825.

Court of Civil Appeals of Texas. Eastland.
March 20, 1931.

Rehearing Denied April 17, 1931.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Thomas J. Coffee, of Big Spring, for appellee.

### HICKMAN, C. J.

This case is similar to the case of Commercial Standard Insurance Company v. Harold Lee, 37 S.W.(2d) 789, this day decided by this court. Here, as there, the suit was upon an automobile theft insurance policy, and recovery was in favor of appellee and the mortgagee, W. R. King, who was made a party defendant. All of the questions presented in this case are disposed of by the opinion in that case except propositions 1, 2, and 13, which we shall consider.

One of the special defenses pleaded by appellant was a provision of the policy terminating it in the event of a change in ownership of the automobile. Proposition No. 1 presents the question that, the evidence having shown that appellee gave the car to his wife prior to the theft, the court should have granted its motion for an instructed verdict. This proposition, if sustained, must be sustained on the ground that the undisputed evidence established a gift prior to the alleged theft. The evidence on the issue was supplied wholly by Mrs. Mildred Bessent, former wife of appellee. The portion of her testimony which most strongly supports appellant's contention was as follows: "Mr. Bessent, on the 15th or 16th of December, just gave me the keys to the car and told me he was leaving and turned the car over to me. He gave me the keys. I took it to be a fact that he was through with it and it was mine."

The evidence further discloses that, after the present suit was instituted, a settlement agreement was had between appellee and his wife, and their marriage ties were dissolved through a divorce proceeding. In this settlement agreement appellee transferred to his wife his interest in this cause of action, then pending. We do not think the facts testified to are sufficient to justify the conclusion, as a matter of law, that title to this car was transferred to Mrs. Bessent prior to the theft. The act of the husband in giving her the keys and turning over the car to her does not establish a transfer of title. Her testimony to the effect that she took it to be a fact that appellee was through with the car and that it was hers was a mere conclusion. The most that this evidence did was to raise an issue of fact on the question of gift. We do not hold that it had that much probative force, but do hold that it had no more than that, and clearly did not require or authorize the giving of a peremptory instruction.

The second proposition presents the question that a peremptory instruction should have been given because the cause of action was transferred by appellant to his wife after suit was filed, but prior to the trial of the cause, for which reason appellant no longer had any interest in the case, and, his wife not being a party to the suit, no right of recovery was shown. We cannot sustain this proposition. This question was considered by this court in the case of West Texas Utilities Co. v. Nunnally, 10 S.W.(2d) 391, in which we held that an assignee acquiring a claim pendente lite could continue the litigation in the assignor's name, and that a judgment rendered in such action would constitute a complete bar to a suit on the same claim by the assignee. That opinion reviews and cites the authorities, rendering it unnecessary for further citation here.

Appellant's thirteenth proposition complains of the action of the trial court in refusing to give a peremptory instruction in

its favor on the following ground: A provision in the policy was to the effect that, if any of the notes representing the indebtedness on the automobile should be delinquent for a period of twenty days, this policy should be void as to the interest of the insured, but not as to the interest of the mortgagee. The claim is made that the evidence established a default on the part of appellee for a period of over twenty days, for which reason a peremptory instruction should have been given. The evidence is not set out in appellant's brief, and we do not find any evidence in the record sufficient to have warranted the giving of a peremptory instruction, even though the provision of the policy visited the consequences of a default upon the mortgagee the same as upon the mortgagor. Clearly no peremptory instruction should have been given when, under the very terms of the provision pleaded, the mortgagee's interest was not affected by the default. If appellant had desired to present this question as applied to the mortgagor, Bessent, a special issue should have been requested. By failing to do so it waived the defense. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

The judgment of the trial court will be affirmed.